David J. Adler
McCARTER & ENGLISH, LLP
825 8th Avenue
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 645-1025
*Attorneys for Nabors Industries, Inc. and*
*Nabors Drilling USA, LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――
                                                            :
In re:                                                    :    Chapter 11
                                                            :
SABINE OIL & GAS CORPORATION, *et al.*,    :    Case No. 15-11835 (SCC)
                                                            :
                                           Debtors.  :
―――――――――――――――――――――――――:

# NOTICE OF APPEAL

Pursuant to Federal Rules of Bankruptcy Procedure 8002 and 8003 and 28 U.S.C. § 158, notice is hereby given that Nabors Industries, Inc. and Nabors Drilling USA, LP ("Nabors") appeals to the United States District Court for the Southern District of New York from the Decision and Order Denying Motion for Reconsideration entered on July 12, 2018 [Dkt. No. 1710] (the "Order") attached hereto as Exhibit A.

The names of all parties to the Order and the names, addresses and telephone numbers of their respective attorneys are as follows:

**APPELLANT:**
*Nabors Industries, Inc. and*
*Nabors Drilling USA, LP*
David J. Adler
McCARTER & ENGLISH, LLP
825 8th Avenue
31st Floor
New York, New York 10019
Telephone: (212) 609-6847
Facsimile:  (212) 645-1025

**APPELLEE:**
*Sabine Oil & Gas Corporation, et al.,*
Jonathan S. Henes
Gene S. Goldmintz
Cristine Pirro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York. New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900


Dated: New York, New York         /s/ David J. Adler
      July 26, 2018                David J. Adler
                                                  McCARTER & ENGLISH, LLP
                                                  825 8th Avenue
                                                  31st Floor
                                                  New York, New York 10019
                                                  Telephone: (212) 609-6847
                                                  Facsimile: (212) 645-1025
                                                  *Attorneys for Nabors Industries, Inc. and*
                                                  *Nabors Drilling USA, LP*

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) ) ) | Case No. 15-11835 (SCC) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**

WHEREAS, on July 15, 2015 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on the Petition Date, the Debtors filed their Motion for Entry of an Order Authorizing Rejection of Certain Executory Contracts Effective as of the Petition Date [Dkt. No. 19] (the "Rejection Motion"), pursuant to which the Debtors requested authorization to reject certain executory contracts, including (i) three daywork drilling contracts (the "Drilling Rig Contracts") with Nabors Drilling USA, LP ("Nabors Drilling"), dated as of December 14, 2012, for the provision and use of three drilling rigs and related services and (b) a committed oilfield services agreement (the "Oilfield Services Agreement") with Nabors Industries, Inc. ("Nabors Industries," and, together with Nabors Drilling, "Nabors"), dated as of December 13, 2012, for the provision of drilling and hydraulic fracturing services; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

WHEREAS, on August 10, 2015, this Court entered an order granting the relief sought in the Rejection Motion and authorizing the Debtors to reject the Drilling Rig Contracts and the Oilfield Services Agreement (together, the "Nabors Contracts") effective as of the Petition Date [Dkt. No. 146]; and

WHEREAS, on December 22, 2015, Nabors Drilling filed proof of claim number 1062 in an unliquidated amount on account of alleged damages resulting from the Debtors' rejection of the Nabors Contracts (the "Nabors Claim"); and

WHEREAS, on June 1, 2017, the Debtors filed the Reorganized Debtors' Sixth Omnibus Objection to Certain No Liability Claims [Dkt. No. 1638] (the "Omnibus Claims Objection"), seeking to disallow and expunge certain claims, including the Nabors Claim, on the basis of no liability; and

WHEREAS, as certified in the Affidavit of Service of Rafael Sitt, a member of Prime Clerk LLP [Dkt. No. 1641] (the "Affidavit of Service"), the Debtors served the Omnibus Claims Objection on June 1, 2017 upon (i) Nabors Drilling via U.S. mail at the following address: Nabors Drilling USA LLP, c/o Keith D. Nicholson, Esq., Assistant General Counsel, 515 W. Greens Road, Suite 1200, Houston, TX, 77067 and via email at: Keith.Nicholson@nabors.com and (ii) counsel for Nabors Drilling via U.S. mail at the following address: David J. Adler, McCarter & English LLP, 245 Park Avenye [sic], New York, NY, 10167 and via email at: dadler@mccarter.com, the face of the Nabors Claim having listed all such contact information; and

WHEREAS, the Debtors did not receive any formal or informal response to their objection to the Nabors Claim on or before June 21, 2017, the response deadline for the Omnibus Claims Objection (the "Response Deadline"); and

2

WHEREAS, on July 7, 2017, after the Response Deadline and over one month after service of the Omnibus Claims Objection upon Nabors Drilling and its counsel, the Debtors filed a Certificate of No Objection to Revised Proposed Form of Order [Dkt. No. 1644] (the "CNO") seeking entry of an order granting the Omnibus Claims Objection; and

WHEREAS, as certified in the Affidavit of Service of Paul Pullo, an employee of Prime Clerk LLP [Dkt. No. 1645], on July 7, 2017, the Debtors served the CNO upon (i) Nabors Drilling via U.S. mail at the following address: Nabors Drilling USA LLP, c/o Keith D. Nicholson, Esq., Assistant General Counsel, 515 W. Greens Road, Suite 1200, Houston, TX, 77067 and via email at: Keith.Nicholson@nabors.com and (ii) counsel for Nabors Drilling via U.S. mail at the following address: David J. Adler, McCarter & English LLP, 245 Park Avenye [sic], New York, NY, 10167 and via email at: dadler@mccarter.com; and

WHEREAS, on July 19, 2017, following the filing of the CNO, Nabors Industries filed a brief response to the Omnibus Claims Objection [Dkt. No. 1648] (the "Response"), stating "Nabors has only recently discovered that its claim was identified in the Motion as a no liability claim" and requesting additional time to respond to the Omnibus Claims Objection; and

WHEREAS, on July 24, 2017, the Court entered the Order Granting Reorganized Debtors' Sixth Omnibus Objection to Certain No Liability Claims [Dkt. No. 1651] (the "Disallowance Order"), which, among other things, disallowed and expunged the Nabors Claim in its entirety; and

WHEREAS, on August 7, 2017, Nabors filed the Motion of Nabors Industries, Inc. Seeking Reconsideration of This Court's July 24, 2017 Order Granting Reorganized Debtors' Sixth Omnibus Objection to Certain No Liability Claims Pursuant to Rules 9023 and 9024 of the

3

Federal Rules of Bankruptcy Procedure and Section 502(j) of the Bankruptcy Code [Dkt. No. 1655] (the "Reconsideration Motion"); and

WHEREAS, the hearing on the Reconsideration Motion and the Debtors' deadline to object to the motion was adjourned several times in order to permit the parties to attempt to reach a consensual resolution and negotiate a liquidated claim amount for the Nabors Claim, if any; and

WHEREAS, on January 10, 2018, the Debtors filed an objection to the Reconsideration Motion [Dkt. No. 1680] (the "Objection"), stating that, despite numerous phone calls and emails to Nabors since August 2017, the Debtors had yet to receive an estimate or calculation of the Nabors Claim from Nabors and, accordingly, no resolution had been reached; and

WHEREAS, on February 15, 2018, the Court informed the parties that it would forego oral argument on the Reconsideration Motion and the motion would remain *sub judice* until entry of an order on the Reconsideration Motion; and

WHEREAS, by the Reconsideration Motion, Nabors Industries seeks reconsideration of the Disallowance Order pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), and section 502(j) of the Bankruptcy Code. Nabors argues that the Disallowance Order should be vacated based on the Debtors' alleged acknowledgment in the Rejection Motion of their liability on account of the Nabors Contracts. Because, asserts Nabors, these "prior admissions" of the Debtors reflect that the basis on which the Debtors sought disallowance of the Nabors Claim ("no liability") was clearly incorrect, the Disallowance Order should be vacated to prevent "manifest injustice;"[2] and

---

2   *See* Reconsideration Motion ¶¶ 13-16.

4

WHEREAS, by the Objection, the Debtors argue that Nabors has not satisfied (i) the heavy burden to obtain reconsideration of the Disallowance Order under Federal Rule 60(b); (ii) the standard for alteration or amendment of the Disallowance Order under Federal Rule 59(e); or (iii) the standard for reconsideration for cause under section 502(j) of the Bankruptcy Code; accordingly, the Debtors submit, the Reconsideration Motion should be denied; and

WHEREAS, the Court has considered the Reconsideration Motion and the Objection and, based upon the full record of the Debtors' case, finds as follows:

1. Federal Rule 60(b), which applies in this case pursuant to Bankruptcy Rule 9024, provides that a court may "relieve a party . . . from a final judgment, order, or proceeding" only if the movant can show:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As this Court has held, a motion for relief from judgment is generally disfavored and is properly granted only upon a showing of exceptional circumstances; the burden of proof is on the party seeking relief from judgment. *See In re Terrestar Networks, Inc.*, 2013 Bankr. LEXIS 745 at *12 (Bankr. S.D.N.Y. Feb. 28, 2013) (citations omitted). Whether to grant a motion for relief under Rule 60(b) lies within the discretion of the court. *Id.*

2. Bankruptcy Rule 9023, which incorporates Federal Rule 59(e), provides that "a motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of

5

judgment." F. R. Bankr. P. 9023. The standard for granting a motion to alter or amend a judgment pursuant to Federal Rule 59(e) "is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Terrestar*, 2013 Bankr. LEXIS 745 at *10 (citations omitted). To obtain relief by motion to alter or amend a judgment pursuant to Federal Rule 59(e), "[t]he movant must show that the court overlooked controlling decisions or factual matters 'that might materially have influenced its earlier decision'" or, alternatively, the movant "must demonstrate the need to correct a clear error or prevent manifest injustice." *In re AMR Corp.*, 2015 Bankr. LEXIS 2266 at *5 (Bankr. S.D.N.Y. July 10, 2015) (stating that "[t]hese criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court") (citations omitted).

3.  By the Reconsideration Motion, Nabors argues that the Debtors should be estopped from claiming they have no liability on the Nabors Claim because their statements in the Rejection Motion explicitly acknowledge their liability to Nabors. Bankruptcy Rule 9023 and Federal Rule 59(e), however, do not permit Nabors to raise on a motion for reconsideration a new argument that could have previously been advanced. *See Terrestar*, 2013 Bankr. LEXIS 745 at *14 (citations omitted).

4.  Even were the Court to consider Nabors' estoppel argument, however, the Court finds it meritless. As the Debtors correctly point out in the Objection, Nabors wrongly conflates the Debtors' statements in the Rejection Motion relating to future savings to the Debtors (*e.g.*, that the Debtors estimate saving approximately $30.8 million over the life of the Drilling Rig Contracts by rejecting them) with damages to Nabors that may arise from the rejection of the Nabors Contracts. The Debtors' estimated amount of savings to the estates from rejecting

6

executory contracts is distinct from the amount of damages that may be claimed by a contract counterparty. Moreover, the Rejection Motion explicitly states that nothing contained therein "is intended or should be construed as an admission as to the validity of any claim against the Debtors." (Rejection Motion ¶ 18).

5. Advancing this "acknowledgement of liability" argument as its sole contention, Nabors has failed to meet its burden to demonstrate that the relief it seeks is warranted pursuant to Federal Rule 59(e) or Federal Rule 60(b). Nabors has not demonstrated that, in entering the Disallowance Order, this Court made a clear error of law or overlooked controlling decisions or factual matters that might materially have influenced its earlier decision, nor has Nabors proven fraud, manifest injustice, or any other reasons that justifies the relief it now seeks. Nabors has also failed to cite any law or facts that the Court failed to consider in entering the Disallowance Order, including newly discovered material evidence. Finally, despite the Debtors' efforts, Nabors has failed to substantiate the Nabors Claim with backup information and has not even proposed a liquidated claim amount for the Nabors Claim, both of which are required by Bankruptcy Rule 3001(c) and applicable case law. *See*, *e.g.*, *Matter of 183 Lorraine St. Assoc's.*, 198 B.R. 16, 26 (Bankr. E.D.N.Y. 1996) (stating that, if an objection is filed to a proof of claim, "the creditor has the ultimate burden of persuasion as to the validity and amount of the claim"); *see also In re Arcapita Bank B.S.C.(c)*, 2014 Bankr. LEXIS 2237 at *4-5 (Bankr. S.D.N.Y. May 20, 2014) (holding that "Fed. R. Bankr. P. 3001(f) provides that 'a proof of claim executed and filed in accordance with [the Bankruptcy Rules] constitutes prima facie evidence of the validity and amount of the claim.' Thus, when a claim is properly filed, the objecting party bears the initial burden of persuasion, and must produce evidence equal in force to the prima facie case which, if believed, would refute at least one of the allegations that is essential to the

7

claim's legal sufficiency." The burden then shifts to the claimant, who must prove by a preponderance of the evidence that under applicable law the claim should be allowed.) (internal citations and quotations omitted). The Debtors' declarant, Jesse DelConte of Zolfo Cooper Management LLC, in his declaration filed in support of the Omnibus Claims Objection, stated that the Debtors' books and records evidence no liability to Nabors (*See* Declaration of Jesse DelConte [Dkt. No. 1638]). Nabors has not met its burden of proof to submit evidence to the contrary which would support allowance of its claim.

      6.      Nabors also seeks reconsideration pursuant to section 502(j) of the Bankruptcy Code. Section 502(j) of the Bankruptcy Code provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Although the Bankruptcy Code does not define "cause," this Court has held that "when deciding a motion under Section 502(j), the court applies the same analysis that it would to alter or amend a judgment under Federal Rule of Bankruptcy Procedure 9023, or – depending on the timing of the filing – to grant relief from a final judgment, order, or proceeding under Federal Rule of Bankruptcy Procedure 9024." *In re AMR Corp.*, 2015 Bankr. LEXIS 2266 at *5. A motion for reconsideration may be granted if the creditor can demonstrate that its failure to respond was the result of "excusable neglect." *See In re Enron, Inc.*, 326 B.R. 46, 50 (Bankr. S.D.N.Y. 2005). In *Enron*, in ruling on a motion for reconsideration filed pursuant to section 502(j), this Court looked to the Second Circuit's decision in *American Alliance Insurance, Co., Ltd. v. Eagle Insurance Co.*, 92 F.3d 57 (2d Cir. 1996). In *American Alliance*, the Second Circuit held that the Court should weigh the following factors in determining whether the creditor's failure was the result of excusable neglect: (i) whether the failure to respond was willful, (ii) whether the movant had a legally supportable

8

defense, and (iii) the amount of prejudice that the non-movant would incur if the court granted the motion. *See Enron*, 326 B.R. at 50 (citing *American Alliance*, 92 F.3d 57).

7. With respect to the first factor, that the failure to respond was not willful, Nabors submits that it submitted a response prior to the entry of the Disallowance Order seeking additional time to respond and that the additional time was sought because the determination of Nabors' lost profit claim under the Oilfield Service[s] Agreement is "complicated and time consuming" (Reconsideration Motion ¶ 19); Nabors does not discuss why such an explanation would satisfy this factor.

8. The Court observes that conspicuously absent from Nabors' argument as to this factor is any claim by Nabors that it did not receive timely notice of the Omnibus Claims Objection and its response deadline. Accordingly to the sworn Affidavit of Service [Dkt. No. 1641], Nabors received service of the Omnibus Claims Objection on June 1, 2017, the filing date, via *four different methods*: service on its assistant general counsel by mail, service on its assistant general counsel by email, service on its bankruptcy counsel by mail, and service on its bankruptcy counsel by email. Nabors has not claimed that the Omnibus Claims Objection was not received by Nabors and its counsel, nor has it asserted that it misread the pleading once it was received (*e.g.*, it did not see its name on the exhibits), each of which could possibly mitigate a finding that its conduct was willful. Based on upon the sworn Affidavit of Service, the Court find that Nabors received timely notice of the Omnibus Claims Objection.

9. Notwithstanding, Nabors did not file its untimely Response to the Omnibus Claims Objection until July 19, 2017, 49 days after it was served and nearly one month after the June 21, 2017 response deadline. The Court need not find that Nabors acted in bad faith to conclude that Nabors acted willfully in failing to respond. See *Gucci Am., Inc. v. Gold Ctr.*

9

*Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998) (finding that the fact that movants knew that the action was pending and failed to respond, thereby allowing a default to be entered against them, was sufficient to satisfy the willful factor and holding that bad faith is not a necessary predicate to a finding of willfulness). The Court finds that based on Nabors' actual knowledge of the pendency of the Omnibus Claims Objection, it cannot demonstrate that its conduct in failing to timely respond was not willful. The willful conduct factor weighs against granting the Reconsideration Motion.

10. Regarding the second factor, whether the movant has a legally supportable defense, Nabors points to the Debtors' statements in the Rejection Motion regarding their alleged liability under the Nabors Contracts. For the reasons discussed *supra*, the Court declines to consider the statements in the Rejection Motion as admissions of the Debtors' liability to Nabors in any particular amount. The burden is on the claimant to support the amount stated in its proof of claim, and Nabors has failed to substantiate the Nabors Claim with backup information which would contradict the Debtors' uncontroverted declaration that their books and records show no liability on the Nabors Claim. *See*, *e.g.*, *Enron,* 326 B.R. at 53 (finding that movant satisfied the second factor of the excusable neglect test because it produced sufficient evidence to support the notion that it has a viable claim). Nabors has failed to satisfy the second factor of the *American Alliance* test.

11. In evaluating the third factor to be considered in deciding a motion for reconsideration, the court must examine the amount of prejudice that the non-movant would incur if the court granted the motion. Here, although Nabors argues that the Debtors will suffer no prejudice because many claims filed in these cases have not been resolved, the Debtors submit that this assertion is incorrect. At the time the Debtors filed the Objection in January

2018, they stated that less than 12 proofs of claim (of the over 1,600 claims filed) remained unresolved. The Court is aware that additional claims have been resolved since that date. All but one of the Debtors' chapter 11 cases have been closed. The Court finds that the final factor weighs in favor of the Debtors, and it declines to further delay the Debtors' ability to achieve finality in their claims reconciliation process, which will advance the timely closing of the Debtors' remaining open chapter 11 case. The Court finds that, having failed to demonstrate that any of the three factors in the "excusable neglect" test weight in its favor, Nabors' request for reconsideration pursuant to section 502(j) must be denied.

WHEREAS, this Court, having found that the Nabors has failed to satisfy the standard for the granting of the Reconsideration Motion pursuant to Bankruptcy Rules 9023 or 9024 (as such rules incorporate Federal Rule 59(e) or 60(b)) or pursuant to section 502(j) of the Bankruptcy Code; and after due deliberation, and sufficient cause therefore, it is hereby

ORDERED, that the Reconsideration Motion is denied.

Dated: July 12, 2018
      New York, New York

                                               /S/ Shelley C. Chapman
                                               HON. SHELLEY C. CHAPMAN
                                               UNITED STATES BANKRUPTCY JUDGE